IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THADDEUS FORD, #255 981, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-CV-420-KFP |
| ) | |
| ELMORE CORR. FACILITY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**[1]

Plaintiff filed this pro se 42 U.S.C. § 1983 action on April 18, 2018. The Order of Procedure entered by the Court instructed Plaintiff to inform the Court immediately of any new address. Doc. 9 at 2–3. The Order also informed Plaintiff that "[f]ailure to provide a correct address to this Court within ten (10) days following any change of address [would] result in the dismissal of this action." *Id*. at 3.

The Court recently determined that Plaintiff is no longer at the last address he provided for service.[2] Accordingly, the Court ordered Plaintiff by March 3, 2021, to provide the Court with his current address or show cause why this case should not be dismissed for failure to prosecute. Doc. 46. The Order specifically informed Plaintiff that this case could not proceed if his whereabouts remained unknown and cautioned that a

---

[1] In accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties executed a written consent "to have a United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings." Doc. 22.

[2] The last address Plaintiff provided to the Court was the Donaldson Correctional Facility. Doc. 15 (Plaintiff's Notice of Change of Address).

failure to comply with the Order would result in dismissal. *Id*. Plaintiff has filed no response or otherwise complied with the Order.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the Court finds dismissal of this case is warranted and no lesser sanction will suffice because Plaintiff has disregarded and willfully failed to comply with the orders of the Court and failed to properly prosecute this cause of action. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

The Court therefore DISMISSES this case without prejudice.

A Final Judgment will be entered separately.

DONE this 31st day of March, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE